## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| JESSE TALTON, individually and on behalf of all others similarly situated,<br><br>v.<br><br>B&G FOODS, INC. | Case No. _____<br>FLSA Collective Action<br>Fed. R. Civ. P. 23 Class Action<br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### Summary

1. Jesse Talton brings this lawsuit to recover unpaid overtime wages and other damages owed by B&G Foods, Inc. ("B&G Foods").

2. B&G Foods failed to pay Talton and other hourly workers like him for all hours worked each week, including overtime.

3. Instead of paying Talton and other hourly workers for all of their time, B&G Foods regularly rounded down the time they worked.

4. B&G Foods' failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

5. B&G Foods' failure to pay wages, including proper overtime, for all hours worked to its workers in North Carolina violates the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 95-25.1 *et seq.*

6. This action seeks to recover the unpaid wages and other damages owed by B&G Foods to all these workers, along with the penalties, interest, and other remedies provided by federal and North Carolina law.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because B&G Foods is headquartered in this District.

## PARTIES

10. **Plaintiff Jesse Talton** is a natural person.

11. Talton was, at all relevant times, an employee of B&G Foods.

12. Talton began working for B&G Foods in May 2022.

13. Since May 2022, Talton has worked for B&G Foods in North Carolina.

14. Talton represents at least two groups of similarly situated B&G Foods workers.

15. Talton represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former employees of B&G Foods, who were paid on an hourly basis, whose time was rounded down on at least one shift, and who worked in the United States at any time from three years before the filing of this Complaint until the date judgment is entered.**

16. Talton represents a class of similarly situated workers under North Carolina law pursuant to Federal Rule of Civil Procedure 23. This "North Carolina Class" is defined as:

> **All current or former employees of B&G Foods, who were paid on an hourly basis, whose time was rounded down on at least one shift, and who worked in the North Carolina at any time from two years before the filing of this Complaint until the date judgment is entered.**

17. Throughout this Complaint, the FLSA Collective and North Carolina Class members are referred to jointly as the "Similarly Situated Workers."

18. **Defendant B&G Foods, Inc. ("B&G Foods")** is a foreign corporation.

19. B&G Foods is headquartered in this District.

20. B&G Foods' headquarters are located within Morris County, New Jersey.

21. B&G Foods may be served by service upon its registered agent, **National Registered Agents, Inc., 820 Bear Tavern Rd., West Trenton, NJ 08628**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

22. At all relevant times, B&G Foods was an employer of Talton within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, B&G Foods was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. B&G Foods was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. During at least the last three years, B&G Foods has had gross annual sales in excess of $500,000.

26. B&G Foods was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

27. B&G Foods employs many workers, including Talton, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

28. The goods and materials handled, sold, or otherwise worked on by Talton and other B&G Foods employees and that have been moved in interstate commerce include, but are not limited to, food products and processing equipment.

## FACTS

29. B&G Foods is a food company with over 50 household brands. B&G Foods, About Us, https://bgfoods.com/about/ (last visited Nov. 28, 2023).

30. B&G Foods operates food processing and manufacturing facilities across the United States, including in Arizona, Indiana, Iowa, Ohio, Maryland, New Jersey, and North Carolina, Vermont, and Wisconsin. B&G Foods, Jobs, https://bgfoods.wd1.myworkdayjobs.com/BG_Foods_Careers (last visited Nov. 28, 2023).

31. Many of B&G Foods' employees are hourly workers.

32. As a practice, however, B&G Foods regularly fails to pay these hourly workers for all time they spend working for B&G Foods.

33. B&G Foods rounds down (never up) when employees clock in and out for each shift.

34. B&G Foods' clock, in fact, automatically rounds these times down.

35. Talton is one such hourly worker for B&G Foods subject to this pay practice.

36. For example, on January 3, 2023, Talton worked from 6:15pm to 6:40am the next day—a total of 12.42 hours.

37. However, for that date, B&G Foods paid Talton for only 12.17 hours.

38. In all, during the January 2, 2023, workweek, Talton worked 48.58 hours for B&G Foods.

39. But due to B&G Foods' time-shaving policy, Talton was paid for only 47.87 hours of that time worked.

40. And during the week of January 23, 2023, Talton worked 48.87 hours for B&G Foods.

41. But during that week, B&G Foods paid Talton for only 47.67 hours.

42. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

43. Talton is one of the thousands of B&G Foods employees affected by these pay and timekeeping practices.

44. Talton was an hourly employee of B&G Foods.

45. B&G Foods never paid Talton a salary.

46. B&G Foods never paid Talton on a fee basis.

47. B&G Foods paid Talton by the hour.

48. Talton reported the hours he worked to B&G Foods on a regular basis.

49. Talton's hours are reflected in B&G Foods' records.

50. Talton regularly worked over 40 hours per week for B&G Foods.

51. Talton's hours are reflected in B&G Foods' records.

52. B&G Foods was aware of the overtime requirements of the FLSA.

53. B&G Foods nonetheless failed to pay hourly employees, such as Talton, wages for all hours worked, including overtime, as required by the FLSA.

54. B&G Foods' failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

55. B&G Foods was aware of the overtime requirements of North Carolina law.

56. B&G Foods nonetheless failed to pay hourly employees, such as Talton, wages for all hours worked, including overtime, as required by North Carolina law.

**COLLECTIVE ACTION ALLEGATIONS—FLSA**

57. Numerous individuals were victimized by B&G Foods' patterns, practices, and policies, which are in willful violation of the FLSA.

58. Based on his experiences and tenure with B&G Foods, Talton is aware that B&G Foods' illegal practices were imposed on the FLSA Collective.

59. The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

60. These employees are victims of B&G Foods' unlawful compensation practices and are similarly situated to Talton in terms of the pay provisions and employment practices at issue regarding the FLSA Collective.

61. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

62. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

63. B&G Foods' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

64. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS—NORTH CAROLINA CLASS**

65. The illegal practices B&G Foods imposed on Talton were likewise imposed on the North Carolina Class members.

66. Numerous other individuals who worked for B&G Foods were were not properly compensated for all hours worked, as required by North Carolina law.

67. The North Carolina Class is so numerous that joinder of all members of the class is impracticable.

68. B&G Foods imposed uniform practices and policies on Talton and the North Carolina Class members regardless of any individualized factors.

69. Based on his experience and tenure with B&G Foods, as well as coverage of the Kronos hack, Talton is aware that B&G Foods' illegal practices were imposed on the North Carolina Class members.

70. North Carolina Class members were all not paid their proper overtime on time, if at all, when they worked in excess of 40 hours per week.

71. B&G Foods' failure to pay wages and overtime compensation in accordance with North Carolina law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the North Carolina Class members.

72. Talton's experiences are therefore typical of the experiences of the North Carolina Class members.

73. Talton has no interest contrary to, or in conflict with, the members of the North Carolina Class. Like each member of the proposed class, Talton has an interest in obtaining the unpaid wages and other damages owed under the law.

74. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75. Absent this action, many North Carolina Class members likely will not obtain redress of their injuries and B&G Foods will reap the unjust benefits of violating North Carolina law.

76. Furthermore, even if some of the North Carolina Class members could afford individual litigation against B&G Foods, it would be unduly burdensome to the judicial system.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

78. The questions of law and fact common to each of the North Carolina Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the North Carolina Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b. Whether B&G Foods' failure to pay overtime at the rates required by law violated North Carolina's wage and hour laws.

79. Talton's claims are typical of the North Carolina Class members. Talton and the North Carolina Class members have all sustained damages arising out of B&G Foods' illegal and uniform employment policies.

80. Talton knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

81. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA
### AS TO TALTON AND THE FLSA COLLECTIVE

82. Talton incorporates all allegations in paragraphs **Error! Reference source not found.** through 81.

83. By failing to pay Talton and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, B&G Foods violated the FLSA. 29 U.S.C. § 207(a).

84. B&G Foods owes Talton and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

85. Likewise, B&G Foods owes Talton and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

86. B&G Foods knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

87. Because B&G Foods knew, or showed reckless disregard for whether, its pay practices violated the FLSA, B&G Foods owes these wages for at least the past three years.

88. B&G Foods' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

89. Because B&G Foods' decision not to pay overtime was not made in good faith, B&G Foods also owes Talton and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

90. Accordingly, Talton and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE NCWHA
### AS TO TALTON AND THE NORTH CAROLINA CLASS

91. Talton incorporates all allegations in paragraphs **Error! Reference source not found.** through 81.

92. The conduct alleged in this Complaint violates the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*

93. At all relevant times, B&G Foods has been an "employer" within the meaning of the NCWHA. N.C. Gen. Stat. § 95-25.2(5).

94. At all relevant times, B&G Foods employed Talton and the other North Carolina Class members as "employees" within the meaning of the NCWHA. N.C. Gen. Stat. § 95-25.2(3)-(4).

95. The NCWHA requires an employer like B&G Foods to pay overtime to all non-exempt employees. N.C. Gen. Stat. § 95-25.14.

96. Talton and the other North Carolina Class members are non-exempt employees who are entitled to be paid overtime for all hours worked over 40 in a workweek at a rate of no less than 1.5x their regular rate. N.C. Gen. Stat. § 95-25.4(a).

97. Within the applicable limitations period, B&G Foods had a policy and practice of failing to pay proper overtime to the North Carolina Class members for their hours worked in excess of 40 hours per week.

98. As a result of B&G Foods' failure to pay proper overtime to Talton and the North Carolina Class members for work performed in excess of 40 hours in a workweek at the time the payments were due, B&G Foods violated the NCWHA.

99. B&G Foods' acts and omissions constituting its violations of the NCWHA were not undertaken in good faith or with reasonable grounds for believing the acts and omissions were not in violation of the NCWHA.

100. Talton and the North Carolina Class members are entitled to recover their unpaid wages, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief provided under the NCWHA. N.C. Gen. Stat. § 95-25.22(a)-(b).

**RELIEF SOUGHT**

Talton prays for judgment against B&G Foods as follows:

    a.    For an order certifying a collective action for the FLSA claims;

    b.    For an order certifying a class action for the North Carolina law claims;

    c.    For an order finding B&G Foods liable for violations of federal wage laws with respect to Talton and all FLSA Collective members covered by this case;

    d.    For an order finding B&G Foods liable for violations of North Carolina wage laws with respect to Talton and all North Carolina Class members covered by this case;

    e.    For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Talton and all FLSA Collective members covered by this case;

    f.    For a judgment awarding all unpaid wages, liquidated damages, and penalties under North Carolina wage laws to Talton and all North Carolina Class members covered by this case;

    g.    For a judgment awarding attorneys' fees to Talton and all FLSA Collective and North Carolina Class members covered by this case;

    h.    For a judgment awarding costs of this action to Talton and all FLSA Collective and North Carolina Class members covered by this case;

i. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Talton and all FLSA Collective and North Carolina Class members covered by this case; and

j. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ James E. Goodley*
_____
**James E. Goodley**
NJ Attorney ID No. 048572013
**Ryan P. McCarthy**
NJ Attorney I.D. No. 219022016
**GOODLEY MCCARTHY LLC**
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

# JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ James E. Goodley*
_____
**James E. Goodley**