IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JESSE TALTON, individually and on behalf of all others similarly situated, | : : : |
| Plaintiff, | : Civil Action No.: 2:23-cv-22691 |
| v. | : : : |
| B&G FOODS, INC. | : : |
| Defendant. | : : |

## ORDER

On this day, came on for consideration Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (the "Motion").

The Court previously entered an order preliminarily approving the class action settlement between Plaintiff, individually and on behalf of all others similarly situated, and B&G Foods, Inc. and approving notice to NCWHA Class Members and FLSA Collective Members (as defined below).

The terms of the settlement are set forth in the Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit A to the Motion.

All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement.

The Court has reviewed and considered Plaintiff's Motion, the exhibits thereto, the Settlement Agreement, all other materials on file in this action, and any argument of the Parties. The Court has considered whether the settlement is fair, reasonable, and adequate.

1

Having done so, the Court is of the opinion that the Motion should be and hereby is GRANTED.

The Court therefore ORDERS as follows:

1. The Court has subject matter jurisdiction of this action and the claims made, and it has personal jurisdiction over the Parties and members of the FLSA Collective and the NCWHA Class (as defined below).

2. The Parties' Settlement Agreement is finally approved as fair, reasonable and adequate under the standards set forth in Fed. R. Civ. P. 23(e)(2) and under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

3. The Court previously provisionally certified the following collective under 29 U.S.C. § 216(b) for purposes of settlement (the "FLSA Collective"):

> All current and former hourly production workers employed by Defendant or B&G Food Snacks, Inc. at the Yadkinville, North Carolina facility ("Collective Members") during any time from November 28, 2020, through July 25, 2024 ("Collective Period").

4. The Court previously provisionally certified the following class under Fed. R. Civ. P. 23(a), (b)(3) and (e)(2) for purposes of settlement (the "NCWHA Class"):

> All current and former hourly production workers employed by Defendant or B&G Snacks, Inc. at the Yadkinville, North Carolina facility ("Class Members,") during any time from November 28, 2021, through July 25, 2024 ("Class Period").

5. The Notice of Settlement provided to the members of the FLSA Collective and the NCWHA Class (the "Notice") pursuant to the terms of the Settlement Agreement and the Court's Preliminary Order Approving Class Settlement fully and accurately informed the members of the FLSA Collective and the NCWHA Class (collectively, the "Settlement Class") of all material elements of the Settlement Agreement and constituted valid, sufficient, and due notice to the Settlement Class. The Notice and the notice process fully complied with due process, Federal Rule

of Civil Procedure 23, and with all other applicable law.

6. Pursuant to the terms of the Settlement Agreement, B&G agreed to pay a total of $165,000.00 ("Settlement Amount"). The Service Award to the Class Representative, attorneys' fees, costs, and litigation expenses approved by the Court, and the Settlement Administration Costs shall be deducted from and paid out of the Settlement Amount.

7. Absent any appeal, the Effective Date of the Settlement will be 30 days after this Final Order is entered, which is the expiration of the time for filing a valid appeal from the Final Order

8. Within 10 days after the Effective Date of the Settlement and the Settlement Administrator providing all necessary documentation and wire transfer instructions to B&G, B&G shall pay the Settlement Fund, plus employer share of payroll taxes, as required under the Settlement Agreement to the Settlement Administrator.

9. Within 7 days of receiving the payment of the Settlement Fund from Defendant, the Settlement Administrator shall disburse all payments to the members of the FLSA Collective and the NCWHA Class and Class Counsel in accordance with the Settlement Agreement.

10. Sixty days after the initial mailing of checks, the Settlement Administrator shall mail to all members of the FLSA Collective and NCWHA Class to whom checks were mailed a reminder postcard regarding the 120-day deadline to cash their settlement checks.

11. Each check shall be valid for 120 days after issuance. If a check remains uncashed after 120 calendar days after it is mailed, then the check will be voided and returned to the Settlement Fund, and then be distributed cy pres to the National Employment Law Project, or another beneficiary selected by Plaintiff, subject to the approval of Defendant, which approval shall not be unreasonably withheld.

12. The Court finally approves, for purposes of settlement only, the FLSA Collective pursuant to 29 U.S.C. § 216(b) and the NCWHA Class pursuant to Fed. R. Civ. P. 23.

13. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of members of the FLSA Collective and the NCWHA Class.

14. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, FLSA Collective and NCWHA Class Members risked losing on the merits because their remaining claims turn on the resolution of the unsettled legal and factual question of whether B&G's pay practice at issue violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, and any other applicable federal, state, or local wage-and-hour law.

15. The dispute between the Parties constituted a bona fide dispute under the FLSA.

16. The settlement was negotiated at arms' length with the assistance of a third-party mediator.

17. In addition, the Court finds that Plaintiff and Class Counsel adequately represented the FLSA Collective and NCWHA Class. Class Counsel has found the settlement to be in the best interest of the FLSA Collective and NCWHA Class Members.

18. The claims and distribution processes were and are effective and fair.

19. The Settlement Administrator executed the notice process according to the terms of the Settlement Agreement. The Notices apprised the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief

4

afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on the Settlement Class and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice process prescribed by the Settlement Agreement and approved by the Court was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The Notice given to the Settlement Class satisfied the requirements of Federal Rule of Civil Procedure 23, the FLSA, and the requirements of constitutional due process.

20. The Court has afforded a full opportunity to all members of the Settlement Class to be heard.

21. No member of the Settlement Class objected to the Settlement and no member of the NCWHA Class requested to be excluded from the Settlement.

22. For these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the settlement. In making this determination, the Court has considered the criteria set forth in Federal Rule of Civil Procedure 23.

23. The Court approves the Service Award for the class representative Jesse Talton in the amount of $5,000. The Court finds the amounts to be reasonable in light of the services performed by the class representative for the FLSA Collective and the NCWHA Class. This amount shall be paid from the Settlement Amount in accordance with the terms of the Settlement Agreement

24. The Court approves payment of attorneys' fees in the amount of $55,000.00. The Court finds these attorneys' fees to be appropriate and reasonable in light of the work performed

by Class Counsel and the benefits obtained by the FLSA Collective and NCWHA Class. The Court further approves the reimbursement of litigation expenses to Class Counsel in the amount of up to $5,804.08. The Court finds these litigation expenses were reasonably and necessarily incurred in the prosecution of this case. These amounts shall be paid from the Settlement Amount pursuant to the terms of the Settlement Agreement. Any reserve amount for expenses approved but not used shall remain in the Cash Settlement Fund and be disbursed to members of the FLSA Collective and NCWHA Class.

25. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by B&G of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by B&G in connection with any transaction, event, or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action.

26. The Court determines that all members of the FLSA Collective and the NCWHA Class are bound by this Final Approval Order.

27. Talton and all members of the FLSA Collective who deposit their settlement checks

and all members of the NCWHA Class are deemed to have fully, finally, completely, and forever released, relinquished, and discharged all Claims (as defined in the Settlement Agreement) against the B&G Releasees. Talton, the members of the FLSA Collective who deposit their settlement checks, and all NCWHA Class Members, are barred from prosecuting any released Claims against the B&G Releasees.

28. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

29. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

30. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation, interpretation, and enforcement of the Settlement Agreement.

31. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order consistent with the Settlement be entered as final and appealable and the case DISMISSED WITH PREJUDICE.

BY THE COURT:

Cecchi, U.S.D.J.

July 24, 2025